IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN HUEY,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN O'MALLEY,<br><br>Commissioner of Social Security,<br><br>  Defendant. | Case No. 21-cv-03981-MMC<br><br>**ORDER GRANTING PLAINTIFF'S "PETITION FOR 406(b) FEES"**<br><br>Re: Dkt. No. 27 |

Before the Court is plaintiff's attorney's "Petition for 406(b) Fees," filed August 23, 2024, seeking an award of $40,714.25, as attorney's fees for her representation of plaintiff in the above-titled action. (ECF No. 27).[1] The Commissioner of Social Security has filed a response in which he "neither supports nor opposes counsel's request for attorney's fees." (see Response, filed September 6, 2024, at 1:9-10). Plaintiff, although served with the moving papers (see Decl. of Katherine Siegfried ("Decl."), filed August 23, 2024, ¶ 9) has not filed a response. The Court, having read and considered the moving and responsive papers, hereby rules as follows:

Pursuant to 42 U.S.C. § 406, "[w]henever a court renders a judgment favorable to a claimant … who was represented before the court by an attorney, the court may determine and allow … a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. §

---

[1] The above sum would equate to a net fee of $29,532.25 after an offset in the amount of $11,182.00, comprising fees counsel obtained under the Equal Access to Justice Act ("EAJA").

406(b).  Although § 406 "does not displace contingent-fee agreements," said statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases," and, in conducting such review, "the district court [may] consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002); Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009) (emphasis in original).

Counsel for the plaintiff "bears the burden of establishing that the fee sought is reasonable," and, although there is no "definitive list of factors that should be considered in determining whether a fee is reasonable," a court "may properly reduce the fee" where it finds (1) "substandard performance," (2) "delay," or (3) "benefits that are not in proportion to the time spent on the case."  Crawford, 586 F.3d at 1148, 1151.

Here, as set forth below, the Court finds counsel has satisfied her burden of showing the requested fees are reasonable.  There is nothing in the record to suggest counsel's representation of plaintiff was in any manner inadequate, that she caused any delay, or that the requested fees are excessively large in relation to the benefits achieved.

Plaintiff's attorney states she spent 52.5 hours litigating the case in federal court (see Ex. 4), which results in an effective hourly rate of approximately $775.  Although such rate exceeds counsel's "non-contingency-based hourly rate" of $500 for appellate cases unrelated to Social Security (see Decl. ¶ 2), the lodestar method, as the Ninth Circuit has observed, "under-compensates attorneys for the risk they assume in representing [Social Security disability insurance] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement."  Crawford, 586 F.3d at 1149.

In recognition thereof, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non-contingency fee arrangements."  See Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003); see also, e.g., Telly v. Kijazaki,

No. 1:19-cv-00456-SKO, 2022 U.S. Dist. LEXIS 65272 (E.D. Cal. Apr. 7, 2022) (granting award equal to 25% of past-due benefits, resulting in effective hourly rate of $965, where non-contingency hourly rate for counsel in same geographical area and with comparable experience was $175-$300); Zuckswert v. Saul, No. 2:17-cv-0779 AC, 2019 U.S. Dist. LEXIS 118430 (E.D. Cal. July 16, 2019) (granting award equal to 25% of past-due benefits, resulting in effective hourly rate $768, where counsel's "typical hourly rate [was] $400-$450 in non-contingency cases"); Brown v. Berryhill, No. 1:14-cv-01288-DAD-SKO, 2018 U.S. Dist. LEXIS 154957 (E.D. Cal. Sept. 11, 2018) (granting award equal to 25% of plaintiff's past-due benefits, resulting in effective hourly rate of $611, where counsel's non-contingency hourly rate was $350).

Accordingly, the "Petition for 406(b) Fees" is hereby GRANTED, and the Court awards attorney's fees in the amount of $40,714.25 to be paid out of plaintiff's past-due benefits. Plaintiff's attorney shall reimburse the EAJA fee of $11,182.00 to plaintiff.

**IT IS SO ORDERED.**

Dated: November 7, 2024

MAXINE M. CHESNEY
United States District Judge